IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| DENNIS EARL BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  04-CV-1317 |
| ) | |
| WILLIAM J. BLACK and ) | |
| METROPOLITAN PROPERTY and ) | |
| CASUALTY INSURANCE, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This diversity case is before the Court for a Report and Recommendation on the motion to dismiss by Defendant Metropolitan Property and Casualty Insurance ("Metropolitan") and a motion to strike by both Defendants. For the reasons below, the Court recommends the motion to dismiss be granted in part and denied in part.  The Court further recommends granting of the motion to strike.

**STANDARD OF REVIEW**

Plaintiff's allegations are accepted as true for purposes of ruling on a motion to dismiss, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to Plaintiff.   Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004); Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990). "'A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v.

Sorema N.A., 534 U.S. 506, 514 (2002), *quoting* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## ALLEGATIONS

Plaintiff is currently incarcerated in the Fox Lake Correctional Institute in Wisconsin.

On December 18, 2001, Defendant William Black, driving his car under the influence of alcohol (with a blood alcohol level of .147), drove through an intersection and struck the car in which Plaintiff was riding as a passenger (Plaintiff's brother, Daniel, was driving). Plaintiff suffered and continues to suffer from permanent and serious injuries, including a head concussion, hand lacerations, spine damage, and numbness and weakness in his legs.[1]

Defendants Black and Metropolitan (through its representatives Jim Moyer, Danial[2] Grisham, and Mike Watson), presented Plaintiff with claims forms. These representatives admitted that Defendant Black had been at fault and assured Plaintiff that "everything would be taken care of and not to worry about anything." (Amended Complaint, d/e 24, p. 4).

Plaintiff tried to contact Defendant Metropolitan and these representatives numerous times after the accident, in unsuccessful attempts to negotiate a settlement

---

[1] The accident need not be recounted in detail here.

[2] This is the spelling in the Complaint.

regarding his claims.  Plaintiff filed this action on September 15, 2004, asserting diversity as the grounds for jurisdiction.[3]

## ANALYSIS

## I. FAILURE TO STATE A CLAIM AGAINST DEFENDANT METROPOLITAN

### A.  Declaratory Relief

In the "Actionable Claims" section of his Amended Complaint, Plaintiff asserts that defendant Black operated his vehicle negligently and with willful and wanton disregard for others.  (Amended Complaint, d/e 24 p. 5).   In the "Damages" section, Plaintiff lists the compensatory and punitive damages he seeks.  *Id.* at p. 6.  In his "Relief" section, he requests in part a "Declaratory Judgment against Metropolitan Property and Casualty Insurance declaring Plaintiff . . . as a Beneficiary to any and all insurance policies issued to William J. Black." *Id.* at p. 8.  He also seeks a "Declaratory Judgment against Metropolitan Property and Casualty Insurance representatives, Jim Moyer, Danial Grisham and Mike Watson declaraing [sic] that these representatives Intentionally and with Reckless Disregard for Plaintiff's Emotional and Psychological wellbeing [sic], caused additional Hardship and Distress to Plaintiff." *Id.*

Defendant Metropolitan moves to dismiss for failure to state a claim, arguing that all the allegations are against Defendant Black, not Metropolitan: "Plaintiff alleges no facts to indicate that Metropolitan has denied coverage to William Black in regards to Plaintiff's Lawsuit.  Plaintiff's request for a declaratory judgment finding him to be 'a

---

[3]Plaintiff apparently filed a similar action in the U.S. District Court of the Western District of Wisconsin on October 27, 2003, which was dismissed on May 23, 2004, for lack of personal jurisdiction over Defendant Black.  (d/e 33 p. 2, and attached exhibits).

beneficiary' . . . is not supportable and this claim should be dismissed." (d/e 26, p. 3). Metropolitan also asserts that Plaintiff alleges no facts to support a claim that Metropolitan or its representatives caused him emotional or psychological harm. *Id.* Metropolitan cites Richardson v. Economy Fire and Casualty Co., 109 Ill.2d 41, 485 N.E.2d 327 (1985), for the proposition that Plaintiff cannot sue Metropolitan directly.

Richardson is inapplicable here, though, since Plaintiff does not sue Metropolitan directly for personal injury damages arising from Defendant Black's negligence. Plaintiff instead says he seeks declaratory relief against Metropolitan that he is a "beneficiary" of insurance policies owned by Defendant Black and Black's spouse. (Amended Complaint, d/e 24, p.8; Plaintiff's Response to Motion to Dismiss, d/e 33, pp. 1-2). Though inartfully pleaded, what Plaintiff appears to seek is a declaration that his claims are covered under the insurance policy. *See* Dial Corp. v. Marine Office of America, 318 Ill.App.3d 1056, 1063-64, 743 N.E.2d 621, 626 (5th Dist. 2001)(setting forth conditions under which injured may seek declaratory judgment against insurer)*;* Stokes v. Pekin Ins. Co., 298 Ill.App.3d 278, 698 N.E.2d 252 (5th Dist. 1998)(injured parties' declaratory judgment action dismissed as premature where amount of tort liability had not been established); Reagor v. Traveler's Ins. Co., 92 Ill.App.3d 99, 415 N.E.2d 512 (1st Dist. 1981)(injured parties had standing to seek declaratory judgment against insurer to determine coverage where insurer had withdrawn representation of insured); Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 682 (7th Cir. 1992)(plaintiff had standing to seek declaratory judgment establishing policy's coverage).

Defendant Metropolitan does not address this possibility or any case law discussing the availability of declaratory relief to Plaintiff. A declaratory judgment action

may be premature, as Defendant Metropolitan points out that Plaintiff does not allege that Metropolitan has refused to provide a defense or coverage to Black. Yet the Court cannot make that determination on the present pleadings. Metropolitan does not affirmatively state that damages recovered against Black in this action are covered by the policy, nor does it state its defense of Black is without reservation. *See* General Star Indemn. Co. v. Lake Bluff School District, 354 Ill.App.3d 118, 129 (2d Dist. 2004)("When an insurer believes that its policy does not cover a claim, it must either defend the suit under a reservation of rights or seek a declaration of no coverage . . ."). It appears from the record that Defendant Metropolitan does not intend to indemnify Black for alleged intentional conduct, including the punitive damages sought, so perhaps there is a justiciable dispute ripe for declaratory relief. (Defendant Black's Response to Motion to Compel, d/e 50, p.2). In short, there are too many unanswered variables for the Court to rule out a possible claim for declaratory relief by Plaintiff against Metropolitan. Further development of the record and more extensive briefing may show otherwise.

**II. Intentional Infliction of Emotional Distress Claim**

Defendant Metropolitan argues that "Plaintiff alleges no facts to indicate that Metropolitan and/or its representatives caused him to suffer emotional and psychological harm." (d/e 26, p. 3).

Plaintiff clarifies in his response that the state tort he seeks to pursue against Metropolitan and its representatives is for intentional infliction of emotional distress. (d/e 33). Yet even applying liberal notice pleading standards, no reasonable inference

arises from the allegations that might support such a claim. An intentional infliction of emotion distress claim has three elements:

> (1) extreme and outrageous conduct; (2) intent or knowledge by the actor that there is at least a high probability that his or her conduct would inflict severe emotional distress and reckless disregard of that probability; and (3) severe and emotional distress. . . Extreme and outrageous conduct sufficient to create liability for intentional infliction of emotional distress is defined as conduct that exceeds all bounds of human decency and that is regarded as intolerable in a civilized community.

Adams v. Sussman & Hertzberg, Ltd., 292 Ill.App.3d 30, 38, 684 N.E.2d 935, 941 (1st Dist. 1997); Brackett v. Galesburg Clinic Assoc., 293 Ill.App.3d 867, 871 (3d Dist. 1997)("conduct must go beyond all bounds of decency and be considered intolerable in a civilized community").

Plaintiff's claim against Metropolitan's representatives is that they admitted Black's liability, assured him "everything would be taken care of," and then refused to settle the Plaintiff's claims to his satisfaction, instead intentionally prolonging the processing of the claims and offering only a minor amount shortly before the statute of limitations was set to run. An insurer's wrongful delay or failure to pay a claim is not the kind of extreme, outrageous conduct that amounts to the intentional infliction of emotional distress. See, e.g., Knysak v. Shelter Life Ins. Co., 273 Ill.App.3d 360, 369, 652 N.E.2d 832 (1995)(insurer's failure to pay insured spouse's medical bills not

infliction of extreme emotional distress–reversing jury verdict).[4]  The Court therefore recommends dismissal of this tort claim against Metropolitan.

In light of this recommendation, the Court need not address Metropolitan's assertion that the statute of limitations has expired, which, in any event, is undeveloped and does not address Plaintiff's assertion that the alleged misdeeds continued into late 2003.[5]

## II.  MOTION TO STRIKE

Defendants Metropolitan and Black both move to strike pursuant to Fed. R. Civ. P. 12(f) certain sentences of the Amended Complaint that they believe are extraneous and prejudicial–specifically, allegations regarding the injuries of Plaintiff's brother; settlement of the claims of Plaintiff's brother; damages sought for "suffering and loss of consortium" with Plaintiff's wife; and the damages for home care provided by Plaintiff's wife.  They argue they will suffer prejudice if these allegations are allowed to stand because it will require them to defend claims by others (like Plaintiff's wife) or claims for which no recovery can be made (like the claim already settled against Plaintiff's brother.

---

[4]Plaintiff does not assert a claim for bad faith or vexatious denial of benefits under 215 ILCS 5/155(1), nor does the Court believe it would be appropriate to construe his present allegations as an action thereunder since he is not the insured.  See Garcia v. Lovellette, 265 Ill.App.3d 724, 639 N.E.2d 935 (2d Dist. 1994)(citing general rule that section 155 is intended for protection of insured, but concluding that injured party was "insured" for purposes of coverage under medical payment provision); Obermeier v. Equitable Life Assurance Soc., 1997 WL 754110 (N.D. Ill. 1997)(insured's allegations did not state claim for intentional infliction of emotional distress, but claim was construed as a claim under section 155)(not reported in F.Supp.).

[5]Defendant Black has not joined in the motion to dismiss, so the Court does not address Plaintiff's argument that his claims are saved under the "one year savings statute" under Illinois law due to the dismissal of his prior lawsuit in Wisconsin in May, 2004.

(d/e 28, p.3). Defendants also seek to strike all the exhibits attached to the Amended Complaint, on the grounds of redundancy.

Rule 12(f) gives the Court discretion to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. "As a general rule, motions to strike are disfavored and infrequently granted." Black v. Long Term Disability Ins., 373 F.Supp.2d 897, 904 (E.D. Wis. 2004)(citations omitted). "In order to prevail on a motion to strike, a party must show that the allegations it challenges can have no possible bearing upon the subject matter of the litigation and will be prejudicial to it." Id..; Spencer v. Dawson, 2005 WL 643331 * 6 (N.D. Ill. 2005).

The Court believes striking the offending material and exhibits is necessary and appropriate. The Court is persuaded that the offending sentences and exhibits are prejudicial to Defendants, as the allegations sought to be stricken and the claimed damages are irrelevant to Plaintiff's claims against Defendants. Wherefore, the Court recommends that the motion to strike (d/e 27) be allowed in its entirety.

## CONCLUSION

WHEREFORE, the Court RECOMMENDS that the motion to dismiss by Defendant Metropolitan be granted in part and denied in part (d/e 25). The Court recommends dismissal of Plaintiff's intentional infliction of emotional distress claim against Metropolitan. The Court recommends denial of the motion to dismiss in all other respects. The Court also recommends granting of Defendants' motion to strike   (d/e 27).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and

Recommendation. <u>See</u> 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

 ENTER: August 10, 2005

            s/ Byron G. Cudmore
            _____
            BYRON G. CUDMORE
            UNITED STATES MAGISTRATE JUDGE