UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

```
DENNIS EARL BARNES,             )
                                )
          Plaintiff,            )
                                )
     v.                         )    Case No. 04-1317
                                )
WILLIAM J. BLACK and            )
METROPOLITAN PROPERTY AND       )
CASUALTY INSURANCE,             )
                                )
          Defendants.           )
```

**O R D E R**

Before the Court is Magistrate Judge Byron G. Cudmore's Report and Recommendation [Doc. # 55] addressing Defendant Metropolitan Property and Casualty Insurance's ("Metropolitan's") Motion to Dismiss [Doc. # 25] and both Defendants' Motion to Strike [Doc. # 27]. Plaintiff has filed objections [Docs. ## 60-62]. Defendants have not responded to those objections and the time for doing so has passed. For the reasons that follow, the Court adopts Magistrate Judge Cudmore's Recommendations.

**Background**

The following facts taken from the Amended Complaint must be accepted as true for the purposes of the Motion to Dismiss. On December 18, 2001, Defendant William Black struck a car in which Plaintiff was a passenger while driving under the influence of alcohol. Plaintiff sustained various injuries from the accident. Defendants presented Plaintiff with claim forms, admitted that Defendant Black had been at fault in the accident, and assured Plaintiff that "everything would be taken care of and not to worry about anything." Plaintiff tried to contact Defendant Metropolitan

numerous times after the accident to negotiate a settlement. On September 15, 2004, Plaintiff filed the instant action asserting diversity jurisdiction.

## Legal Standard

A district court reviews *de novo* any portion of a Magistrate Judge's Report and Recommendation to which "specific written objection has been made." Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id. However, the Court emphasizes that Rule 72(b) contemplates "<u>specific</u>, written objections to the proposed findings and recommendations [of the magistrate judge]." Id. (emphasis added).

## Analysis

Plaintiff objects to Magistrate Judge Cudmore's recommendation that his intentional infliction of emotional distress claim against Defendant Metropolitan be dismissed for failure to state a claim upon which relief could be granted. Plaintiff also objects to the magistrate judge's recommendation that Defendants' Motion to Strike be granted. The Court will address each objection in turn.

**Motion to Dismiss**

When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court must view the complaint in the light most favorable to the plaintiff and the complaint's well-pleaded factual allegations must be accepted as true. Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995). Therefore, a complaint can only be dismissed if a plaintiff cannot prove any set of facts upon which relief can be granted. Travel All Over the World, Inc. v. Kingdom

2

of Saudi Arabia, 73 F.3d 1423, 1429-30 (7th Cir. 1996).  However, the Court is not bound by a plaintiff's legal conclusions.  Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 730 (7th Cir. 1994).

Plaintiff asserts the magistrate judge should have considered his allegations "that Defendant Black and Met-Life representatives conspired to cover-up the facts of the accident and treated Plaintiff with complete disregard as to what really happened at the accident scene," in recommending that Plaintiff's intentional infliction of emotional distress claim against Metropolitan be dismissed.  The Court has reviewed Plaintiff's Amended Complaint and cannot find any allegations of a conspiracy between the Defendants.  Moreover, the only conduct alleged to support Plaintiff's intentional infliction of emotional distress claim against Metropolitan is its refusal to settle Plaintiff's claims.  The Court agrees with Magistrate Judge Cudmore that this conduct is not the type of "extreme and outrageous" conduct that could support an intentional infliction of emotional distress claim.  See Knysak v. Shelter Life Ins. Co., 652 N.E.2d 832 (1995)(insurer did not engage in "extreme and outrageous conduct" and did not act with intent to cause emotional distress when it denied claim under insurance policy).  Accordingly, the Court will adopt the magistrate judge's recommendations as they apply to the motion to dismiss.

**Motion to Strike**

In this motion, Defendants move to strike certain sentences of the Amended Complaint that they believe are extraneous and prejudicial.  Specifically, they want stricken allegations

3

regarding the injuries of Plaintiff's brother; settlement of the claims of Plaintiff's brother; damages sought for "suffering and loss of consortium" with Plaintiff's wife; and the damages for home care provided by Plaintiff's wife.  Defendants also seek to strike the exhibits attached to the Amended Complaint because they are redundant.  The magistrate judge recommended granting the motion.  Plaintiff objects arguing the allegations and exhibits in question support his claims for relief and should remain part of his Complaint.

The Court agrees with the magistrate judge that the allegations regarding the injuries of Plaintiff's brother; settlement of the claims of Plaintiff's brother; damages sought for "suffering and loss of consortium" with Plaintiff's wife; and the damages for home care provided by Plaintiff's wife are irrelevant to this litigation.  Plaintiff's wife and brother are not parties to this litigation and therefore any damages or injuries sustained by them are not relevant here.  Further, the exhibits attached to the Amended Complaint (medical records, a police report, and affidavits about the accident) add nothing to the allegations.  While these exhibits might later be admitted as proof in support of Plaintiff's allegations after Defendants have had an opportunity to contest their admissibility, they are not needed at this stage of the litigation.  Cf. Fed. R. Civ. P. 8 (complaint shall contain "short and plain statement of the claim showing that the pleader is entitled to relief").  Accordingly, the Court will grant Defendants' Motion to Strike.

## Conclusion

IT IS THEREFORE ORDERED that the Court ADOPTS the Report and Recommendation of the magistrate judge [Doc. # 55].

IT IS FURTHER ORDERED that Defendant Metropolitan's Motion to Dismiss [Doc. # 25] is GRANTED IN PART and DENIED IN PART. It is granted with respect to Plaintiff's intentional infliction of emotional distress claim against Metropolitan. It is denied in all other respects.

IT IS FURTHER ORDERED that Defendants' Motion to Strike [Doc. # 27] is GRANTED.

ENTERED this __23rd__ day of January, 2006.

                                                s/ Joe B. McDade
                                                     JOE BILLY McDADE
                                      United States District Judge