**E-FILED**
Tuesday, 21 February, 2006  11:37:57 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| DENNIS EARL BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  04-CV-1317 |
| | ) | |
| WILLIAM J. BLACK and | ) | |
| METROPOLITAN PROPERTY and | ) | |
| CASUALTY INSURANCE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Defendants' Motion to Compel [97], *pro se* Plaintiff's Response [100], and Defendants' Reply to Response [103].  Defendants' motion to compel focuses on *pro se* Plaintiff's failure to tender in discovery a requested statement of Defendant William J. Black.  Defendants' interrogatory #3 clearly requested "any and all statements, whether written or recorded in any form, taken from any . . . defendant."  Further Defendants request production in their request #7 of all statements referred to in interrogatory #3.  Thereafter, based upon *pro se* Plaintiff's third supplement to *pro se* Plaintiff's initial disclosures, Defendants learned that *pro se* Plaintiff had tape recorded a conversation with Defendant Black on December 20, 2001.

The Court's focus herein is on Federal Rule of Civil Procedure Rule 26(b)(3) wherein it is stated:   "a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party . . . For purposes of this paragraph, a statement previously made is . . . a stenographic, mechanical, electrical, or other recording, or

a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded."

Pro se Plaintiff's response advises that he intends to use the tape recorded statement of Defendant Black for purposes of impeachment only. (Citing cases.) The pro se Plaintiff's response admits that he recorded a conversation between himself and Defendant Black on December 20, 2001.

Defendants' reply correctly notes the difference of withholding impeachment materials that involve witnesses who are non-parties. Defendants' reply dissects the various cases relied upon by the pro se Plaintiff and clearly shows that pro se Plaintiff's reliance on the impeachment exception is misplaced. The Court agrees with Defendants. Under Rule 26(b)(3), the wording couldn't be clearer. Defendants' motion to compel must be allowed.[1]

WHEREFORE Defendants' Motion to Compel [97] is ALLOWED. Pro se Plaintiff is ordered to produce a copy of the mini-cassette containing the recorded statement of Defendant William Black, or to provide the original to the Defendants or the Court so that a copy can be made at Defendants' expense, and to produce a copy of the transcript thereof on or before March 10, 2006. If pro se Plaintiff fails to comply with the above order and deadline, pro se Plaintiff shall be barred from using the recording and/or transcript at trial for any purpose.

ENTER:        February 21, 2006

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE

---

[1]See Koch v. Koch Industries, Inc., 1992 WL 223816, p. 11. Rule 26(b)(3) gives a party the affirmative right to discover his own statements. See also Advisory Committee's Notes to 1970 Amendment to Rule 26.