**E-FILED**
Wednesday, 15 December, 2010 09:57:12 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DENNIS EARL BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-cv-1317 |
| | ) | |
| WILLIAM J. BLACK and | ) | |
| METROPOLITAN PROPERTY AND | ) | |
| CASUALTY INSURANCE, | ) | |
| | ) | |
| Defendants. | ) | |

## O P I N I O N & O R D E R

On September 2, 2010, following a jury trial, judgment was entered in favor of Plaintiff Dennis Earl Barnes and against Defendant Mary Black, as executor of the estate of William J. Black. (Doc. 313). The jury awarded Plaintiff $25,000 for damages arising out of an automobile accident. This Court's jurisdiction was based upon 28 U.S.C. § 1332, because the parties were of diverse citizenship and Plaintiff was seeking to recover more than $75,000.

On October 1, 2010, Plaintiff submitted a bill of costs and supporting documentation requesting costs from Defendants in the amount of $4,967.75. (Doc. 323). On October 14, 2010, Defendants objected to Plaintiff's bill of costs. (Doc. 325) Although it is beyond dispute that a prevailing party in a civil action may recover costs as a matter of course under Rule 54(d)(1) of the Federal Rules of Civil Procedure, Defendants argue that Plaintiff is not entitled to costs in this particular suit because he recovered less than $75,000 and is thus not a prevailing party.

(Doc. 325 at 2). In the alternative, Defendants argue that certain specific costs sought by Plaintiff are speculative, unsubstantiated, or not recoverable.

## DISCUSSION

As previously mentioned, this Court exercised jurisdiction over the instant action pursuant to 28 U.S.C. § 1332. Subsection (b) of that statute provides: "[e]xcept when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000 . . . the district court may deny costs to the plaintiff." 28 U.S.C. § 1332(b). The Seventh Circuit has held that this provision "enables federal courts to protect themselves from suits in which federal claims have been trumped up only to impose upon federal jurisdiction." *Perlman v. Zell*, 185 F.3d 850, 859 (7th Cir. 1999).

However, the fact that a plaintiff has not succeeded in recovering the jurisdictional amount does not make the denial of costs mandatory. *Cosgrove v. Bartolotta*, 150 F.3d 729, 734 (7th Cir. 1998). It is within the Court's discretion whether or not to allow for such recovery, considering, *inter alia*, the good faith of the plaintiff in seeking the amount claimed in federal court. *See Dr. Franklin Perkins School v. Freeman*, 741 F.2d 1503, 1525 (7th Cir. 1984); *Canal Barge Co. v. Commonwealth Edison Co.*, 2003 WL 1908023, at *1 (N.D. Ill. April 18, 2003).

Here, the Defendants argue that Plaintiff is not entitled to costs because, in addition to only recovering $25,000, Plaintiff did not present any evidence which would justify a greater award. (Doc. 325 at 1). While the evidence submitted by Plaintiff at trial may have made it difficult for a jury to award Plaintiff more than

$75,000 in damages, this does not mean that Plaintiff sought more than $75,000 in bad faith.[1] Accordingly, the Court will not deny Plaintiff his costs pursuant to 28 U.S.C. § 1332(b).

In the alternative, Defendants have objected to several of Plaintiff's claimed costs on an individual basis. Although a district court has broad discretionary power to allow or disallow a prevailing party to recoup the costs of litigation, it may not tax costs beyond those authorized by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1982). "In order to award costs to a prevailing party, the court must determine that the expenses are allowable cost items and that the amounts are reasonable and necessary." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). Accordingly, the Court will consider Plaintiff's claimed costs one at a time.

**I.    Fees for Service of Summons**

Plaintiff seeks $882.64 for the service of summons and subpoenas in this case. Defendants do not object to the service fees of $394.92, which represent service fees incurred in the instant case, but they do object to the $487.72 worth of service fees incurred in case 03-C-703-C which was filed in the United States District Court for the Western District of Wisconsin. Pursuant to 28 U.S.C. § 1920(1), Plaintiff is entitled to recover the fees of the clerk and marshal in this case. However, the Court agrees with Defendants that Plaintiff cannot recover for service fees associated with a case filed in another district court. Despite the fact that the

---

[1] Plaintiff proceeded *pro se*, and thus tactical and evidentiary decisions which may have been made by an attorney to support a claim for more than $75,000 were not made by Plaintiff.

case filed in the Western District of Wisconsin appears to have been between the same parties, not only did Plaintiff not prevail in that case, that case is not the action that took place before this Court. Accordingly, Plaintiff's costs for "fees for service of summons and subpoena" will be reduced to $394.92.

## II. Fees for Transcripts of Recorded Conversations

Plaintiff also seeks to recover $279.00 for "printed or electronically recorded transcripts necessarily obtained for use in the case." (Doc. 323 at 1). This amount includes 1) $180.00 for the transcripts of two telephone conversations, created in January or February of 2006, and 2) $99.00 for a certified copy of the transcript of Debra Tripamer-Barnes ("Debra Barnes"), taken in October of 2005. (Doc. 323 at 10-12).

Defendants object to the cost of the transcripts for the recorded telephone conversations because the invoice is not directed to Plaintiff, nor does it make any reference to this case. Further, Plaintiff has made no showing of the connection between the recorded conversations and this case, and no such transcripts were introduced at trial. Subsection (2) of 28 U.S.C. § 1920 provides that a party may recover costs for "printed or electronically recorded transcripts necessarily obtained for use in the case." The Court does not find it dispositive that no such transcripts were introduced at trial, or that the invoice was not directed to Plaintiff himself.[2] However, based upon the record before it, the Court cannot determine that such transcripts were "necessarily obtained for use in the case." Not only does the invoice

---

[2] Plaintiff was incarcerated during the relevant time period, making it likely that his wife would be handling matters such as ordering and paying for necessary documents.

4

fail to indicate the relevance of the recorded telephone conversations, the record itself belies any argument that such transcripts were needed.[3] Accordingly, the $180.00 cost for the transcripts of recorded telephone conversations will not be taxed to Defendants.

### III. Fees for the Deposition Transcript of Debra Barnes

Defendants also object to the $99.00 cost for the deposition transcript of Debra Barnes. They argue that the invoice for this transcript was not directed to Plaintiff, and Plaintiff has not submitted any proof that he paid for it. (Doc. 325 at 3). Deposition costs (including transcripts) are authorized under § 1920(2). *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 945 (7th Cir. 1997). However, these costs are only recoverable to the extent that the transcripts at issue are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "Transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). Further, the transcripts need not be used at trial in order to be reasonably necessary, "the determination of necessity must be made in light of the facts known

---

[3] The only possible telephone conversation the Court can find that may have justified these costs is one that Plaintiff recorded between himself and Mr. Black on December 20, 2001, which was the subject of a Motion to Compel by Defendants. (Doc. 97). On February 21, 2006, Magistrate Judge Cudmore entered an order allowing Defendants' Motion to Compel, and ordering Plaintiff "to produce a copy of the mini-cassette containing the recorded statement . . . or to provide the original to the Defendants or the Court so that a copy can be made at Defendants' expense, and to produce a copy of the transcript thereof on or before March 10, 2006." (Doc. 104 at 2). While the transcripts at issue were ordered around this period in time, Plaintiff failed to comply with Magistrate Judge Cudmore's Order, thus barring Plaintiff from introducing any such transcript at trial. (Docs. 159 & 164). Accordingly, even if that was the transcript ordered by Plaintiff (which is not clear), his failure to comply with the Court order and provide that transcript to the Court bars him from now arguing that it was "necessarily obtained for use in the case."

5

at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." *Id.*

Defendants do not argue that the deposition transcript of Debra Barnes was not reasonably necessary at the time it was ordered; their only argument is that because Plaintiff did not pay for it himself, it is not a cost incurred by him for which they should be taxed. The Court does not find this argument convincing. Debra Barnes is Plaintiff's wife and Plaintiff was incarcerated at the time she ordered and paid for the deposition transcript. (Doc. 323 at 11-12). As previously mentioned, the Court finds it likely that Plaintiff's wife would act on his behalf to assemble necessary documentation while he was incarcerated. Accordingly, the Court cannot find that this was not a cost of the Plaintiff's such that it should be taxed to Defendants.

## IV. Printing Fees

Plaintiff also claims $1,108.39 in "fees and disbursements for printing." (Doc. 323 at 1). Defendants object to this cost as speculative because Plaintiff does not indicate from where he derived this number. (Doc. 325 at 4). The Court agrees that this number is speculative and unsubstantiated. While Plaintiff has attached his Trust Account Statements from the Wisconsin Department of Corrections from September 2004 through June 2010, he has in no way indicated what charges on these statements he is attributing to this case. Nor do the Statements themselves clarify. (See Doc. 323 at 13-90).[4]

---

[4] There are several references in the Trust Account Statement to this case (04-cv-1317), however this is only with regards to the filing fee, which Plaintiff is recovering as a separate cost.

To the extent Plaintiff is seeking to recover for his copying costs, the Court cannot ascertain why he would list these expenses as "fees and disbursements for printing" rather than "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Further, there is no indication in the record that any or all of Plaintiff's copying costs related to the instant case. Although a party seeking copying costs is not required to identify all of the documents copied, it is "required to provide the best breakdown obtainable from retained records." *Northbrook Excess & Surplus Ins.*, 924 F.2d at 643 (upholding district court's finding of photocopying expenses where the submitted documentation established that the copies were made for the case at issue). Because Plaintiff has not supported his claim for "fees and disbursements for printing," in any way other than by submitting his entire list of financial transactions over the past six years, the $1,108.39 Plaintiff claims for such fees will not be taxed to Defendants.

**III. Witness Fees**

Plaintiff is seeking $2,142.72 in fees for witnesses. This includes $40.00 in attendance fees for 1) Randy Wilkey; 2) Sheriff Deputy Turner; 3) Todd Makkay; 4) Michelle Galloway; 5) Stephen Wadowski; 6) Adolph Yaniz; and 7) Shannon Chidlow. (Doc. 323 at 2-3). Plaintiff seeks $160.00 in attendance fees for Debra Barnes, and $120 in attendance fees for Deb Zeman. (Doc. 323 at 3). In addition, Plaintiff is seeking mileage fees for all witnesses at the rate of $0.50 for every mile driven to attend trial, and subsistence costs for Debra Barnes ($328.72) and Deb Zeman (220.00).

Defendants object to the attendance fees of Deputy Turner, Michelle Galloway, and Stephen Wadowski, the extra attendance fees for Debra Barnes and Deb Zeman,[5] the computation of mileage fees, and the subsistence costs for Debra Barnes and Deb Zeman. (Doc. 325 at 4-6).

    **a. Attendance Fees**

Plaintiff has submitted documentation showing that he paid the witness fees of $40.00 to all witnesses other than Debra Barnes (Plaintiff's wife) and Deb Zeman (Plaintiff's sister).[6] Although Defendants object to paying witness fees for Deputy Turner, Michelle Galloway, or Stephen Wadowski, the Court finds that the attendance fees of $40.00 a day for all witnesses is taxable to Defendants. When witnesses are subpoenaed to trial under the good faith belief that their testimony will be necessary, it is an abuse of discretion for the district court to deny witness fees. *Spanish Action Comm. of Chicago v. City of Chicago*, 811 F.2d 1129, 1138-39 (7th Cir. 1987); *Gray v. Burke*, 2007 WL 3334201, at *6 (N.D. Ill. Nov. 9, 2007). Defendants have not shown that Deputy Turner, Michelle Galloway, or Stephen Wadowski were not subpoenaed in good faith. Thus, Plaintiff is entitled to the $40.00 requested for their witness fees.

Defendants objection with regards to the additional witness fees for Debra Barnes and Deb Zeman, however, is sustained. Each of these women only testified on one day during the trial. To the extent that they were present in the courtroom

---

[5] The Defendants object to the attendance fees of Deputy Turner because his testimony was irrelevant, Michelle Galloway because her testimony was stricken, and Dr. Stephen Wadowski because he was not called to the stand.
[6] 28 U.S.C. § 1821(b) provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance."

any additional days, this was in the capacity of Plaintiff's family members, and not as witnesses. Thus, Plaintiff may only recover $40.00 in witness fees for Debra Barnes and Deb Zeman. In total, Defendants are taxable for $360.00 in attendance fees.

### b. Subsistence Costs

Plaintiff has also claimed subsistence costs with regards to Debra Barnes and Deb Zeman, to which Defendants have objected. He has claimed $328.72[7] in subsistence costs for Debra Barnes for five nights stay at the Baymont Inn & Suites in Peoria, Illinois. (Doc. 323 at 114-15). In addition, he has claimed $220.00 in subsistence costs for Deb Zeman.[8] Pursuant to 28 U.S.C. § 1821(d), "[a] subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day."

As discussed above, to the extent that either Ms. Barnes or Ms. Zeman attended the trial for more than one day, they did so in the capacity of Plaintiff's family rather than as witnesses. Further, while Deb Zeman had to travel 490 miles to attend the trial, which would necessitate a subsistence allowance pursuant to 28 U.S.C. § 1821(d), Debra Barnes only had to travel 114 miles, which would not. Accordingly, the only subsistence allowance which this Court finds appropriate is

---

[7] While Plaintiff has written $382.72 in his witness cost breakdown, based upon the addition of the two hotel bills provided, this appears to be due to a transposition of the numbers 2 and 8.
[8] The only documentation to support this claim is a signed statement by Ms. Zeman that she incurred this cost. (Doc. 323 at 116).

9

for one night's stay for Deb Zeman. The Court will therefore allow only $73.33 in subsistence costs for Deb Zeman.[9]

### c. Mileage Fees

Plaintiff has also claimed mileage fees for each witness. (Doc. 323 at 2-3). Defendants object to Plaintiff's computation of the applicable mileage fees because they believe Plaintiff is using a rate of $1.00 per mile rather than the statutorily mandated rate of $0.50 per mile. (Doc. 325 at 6). However, it appears to the Court that this is based upon a misunderstanding. On the Witness Fees computation form, it appears to the Court that Plaintiff has written the number of miles between the witness's residence and the Peoria courthouse. However, the witness must be reimbursed for mileage travelled both *to and from* the courthouse. Therefore, what looks like a $1.00 per mile computation rate is actually only $0.50 per mile because the actual number of miles listed must be doubled. Therefore, all of Plaintiff's claimed mileage costs are taxable to Defendants, in the amount of $1,034.00.

## V. Docket Fee

Plaintiff has claimed a $150.00 docket fee, to which Defendants do not object. Accordingly, the $150.00 docket fee is taxable to Defendants.

## VI. Other Costs

Finally, Plaintiff has claimed $405.00 in "other costs" for the filing fee and appeals costs in the case he filed against Defendants in the United States District Court for the Western District of Wisconsin. (Doc. 323 at 1). Defendants have objected to these costs as they are not related to the present case. (Doc. 325 at 7).

---

[9] The Court has divided the claimed subsistence costs of $220.00 by three as it finds that such costs are only appropriate for one night rather than three.

As previously discussed, costs incurred by Plaintiff in an action filed before another district court are not recoverable in this case. Therefore, Defendants are not taxable for the $405.00 Plaintiff incurred in his other lawsuit.

## CONCLUSION

For the foregoing reasons, the Court finds that costs shall be taxed against the Defendants and in favor of Plaintiff in the amount of $2,381.25, which is broken down as follows:

1. Service of Summons        $ 394.92
2. Transcripts               $  99.00
3. Witness Fees
    a. Attendance Costs      $ 360.00
    b. Susbsistence Costs    $  73.33
    c. Mileage Fees          $ 1,304.00
4. Docket Fees               $ 150.00
5. Other Costs               $   0.00

IT IS SO ORDERED.

Entered this 15th day of December, 2010

                                                s/ Joe B. McDade
                                                JOE BILLY MCDADE
                                    Senior United States District Judge